UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

BRIAN SCOTT ORR,

                                      Plaintiff,

                                                                           6:15-CV-01132

v.

                                                                               (GTS/TWD)

UNITED STATES AIR FORCE, UNITED STATES
DEPARTMENT OF JUSTICE, CHESTER
JOHN MACIAG,

                                      Defendant.
_____

APPEARANCES:

BRIAN SCOTT ORR
Plaintiff, *pro se*
25959039
LOMPOC
Federal Correctional Institution
Inmate Mail/Parcels
3600 Guard Road
Lompoc, CA 93436-2705


**THÉRÈSE WILEY DANCKS**, United States Magistrate Judge

## ORDER AND REPORT-RECOMMENDATION

      The Clerk has sent Plaintiff Brian Scott Orr's pro se civil rights complaint, brought under 42 U.S.C. § 1983, together with an application to proceed in *forma pauperis* ("IFP Application") and Prisoner Authorization Form to the Court for review.[1] (Dkt. Nos. 1 and 2.)

---

[1] While the Prisoner Authorization Form (Dkt. No. 2 at 3) submitted by Plaintiff differs in some respects from the Inmate Authorization Form generally used in the Northern District of New York, i.e., it does not include language specifically authorizing the facility in which he is incarcerated to send certified copies of statement of his trust fund when requested by the Clerk, it does set forth Plaintiff's understanding of his obligation to pay the full amount of the filing fees and authorize the prison officials to "assess, collect and forward to the Court the full amount of

**I.      IFP APPLICATION**

A court may grant *in forma pauperis* status if a party "is unable to pay" the standard fee for commencing an action. 28 U.S.C. § 1915(a)(1) (2006). After reviewing Plaintiff's IFP Application and Prisoner Authorization Form (Dkt. No. 2), the Court finds that he meets the standard and his IPF Application is granted solely for purposes of this initial review.

**II.     LEGAL STANDARDS FOR INITIAL REVIEW**

Even when a plaintiff meets the financial criteria for *in forma pauperis*, 28 U.S.C. § 1915(e) directs that when a plaintiff proceeds *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

In determining whether an action is frivolous, the court must look to see whether the complaint lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "An action is frivolous when either: (1) the factual contentions are clearly baseless such as when the claims are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (citations and internal quotation marks omitted). Although extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse

---

these fees, in monthly payments based on the average of deposits to or balance in [his] prison trust account in accordance with 28 U.S.C. Section 1915." *Id*. In addition, the Certificate setting forth the sum plaintiff has on account, found at the bottom of the IFP Application used in the Northern District of New York is contained in the Prisoner Authorization Form submitted by Plaintiff. The Court finds that the IFP Application and Prisoner Authorization Form submitted by Plaintiff are adequate for a determination of Plaintiff's entitlement to proceed *in forma pauperis* solely with respect to the Court's initial review.

party has been served and the parties have had an opportunity to respond, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983), the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *See, e.g., Thomas v. Scully*, 943 F.2d 259, 260 (2d Cir. 1991) (per curiam) (holding that a district court has the power to dismiss a complaint *sua sponte* if the complaint is frivolous).

To survive dismissal for failure to state a claim, a complaint must plead enough facts to state a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While Rule 8(a) of the Federal Rules of Civil Procedure, which sets forth the general rules of pleading, "does not require detailed factual allegations, . . . it demands more than an unadorned, the-defendant-harmed-me accusation." *Id*. In determining whether a complaint states a claim upon which relief may be granted, "the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

Where a plaintiff proceeds *pro se*, the pleadings must be read liberally and construed to raise the strongest arguments they suggest. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) (citation omitted). A *pro se* complaint should not be dismissed "without giving leave to amend at least once when a liberal reading of the complaint gives any indication

that a valid claim might be stated." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (citation and internal quotation marks omitted). An opportunity to amend is not required where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

## III. ANALYSIS

### A. Plaintiff's Complaint in this Action

Plaintiff has sued the United States Air Force, the United States Department of Justice, and Air Force Special Projects Chief, Chester John Maciag, in his complaint submitted for filing on September 21, 2015, and now before the Court for initial review. (Dkt. No. 1.) Plaintiff has alleged the following facts in his complaint:

> 4. THE DEPARTMENT OF DEFENSE INTELLIGENCE COMMUNITY (IC) KNOWINGLY, WITH INTENT TO KILL, USED BRIAN SCOTT ORR AS THE UNCONSENTING TEST SUBJECT OF AN ILLEGAL DIRECTED ENERGY EXPERIMENT, WHEN BRIAN ORR SURVIVED LONGER THAN CONVENIENT, ARFL-RIGB CHIEF MACIAG ORDERED ORR TO TAKE HIS OWN LIFE. MACIAG ALSO THREATENED ORR AND WORKED HARD TO DISCREDIT ORR STARTING RIGHT BEFORE THE TORTURE STARTED ON AUGUST 13, 2010. COL LAMAR PARKER AND LT COL WILLIAM GREGORY ALSO PLAYED A CONSPIRATORIAL ROLE AND WERE ACTIVELY INVOLVED IN PSYCHOLOGICAL OPERATIONS AGAINST ORR. PHYSICAL DAMAGE WAS APPLIED TO ORR NOT BY DIRECT CONTACT BUT BY TECHNOLOGICAL MEANS. REMOTE APPLICATION OF SAID DAMAGE WAS ALLEGEDLY FROM AIR FORCE/NATIONAL RECONNAISSANCE OFFICE SPY RADAR TECHNOLOGY. THE MAGNITUDE AND DURATION OF PAIN CAN ONLY BE ACCURATELY DESCRIBED AS TORTURE AND CAN ONLY BE UNDERSTOOD BY OTHER SURVIVORS OF CRIMES AGAINST HUMANITY. MEDICAL DOCUMENTATION THAT YOU WILL READ IN THE

> EXHIBITS STATE ORR'S INJURIES WERE MICROWAVE
> RADIATION INDUCED. THE INJURIES ARE IRREVERSIBLE
> AND ARE SYSTEM WIDE. MOST DAMAGE IS TO ORR'S
> NERVOUS SYSTEM (BRIAN (sic) AND PERIPHERAL
> NERVES). THE INTENSE ELECTROMAGNETIC
> RADIATION ALSO DAMAGE ORR'S HEART AND CAUSED
> A MYOCARDIAL INFARCT AND WEAKENED OUTPUT.
> THE DAMAGE TO ORR'S ENDOCRINE SYSTEM HAS LEFT
> HIM INFERTILE (UNABLE TO BEAR CHILDREN). ORR
> LEFT AFRL ROME, NY ONLY LATER TO BE STALKED AND
> TORMENTED BY FBI NATIONAL SECURITY DIVISION
> AGENTS. FAMILY MEMBERS WERE ALSO STALKED,
> HARASSED, AND HAD THEIR COMPUTERS HACKED
> WITHOUT COURT ORDER. ORR'S ORDEAL WAS
> DOCUMENTED IN 2012 IN INQUIRIES TO SENATE
> MEMBERS (FEINSTEIN), A FEINSTEIN DIRECTED
> INVESTIGATION OF THE AIR FORCE OSI, FBI, AND POLICE
> REPORTS. IN 2012 THE WEBSITE [HTTP://USGOVT-ATROCITIES.COM](HTTP://USGOVT-ATROCITIES.COM) WAS PUT ONLINE TO EXPOSE THE
> HEINOUS CRIMES AGAINST ORR.

*Id.* at ¶ 4.

Plaintiff seeks money damages for medical bills; permanent physical damage; government theft and property damage; stalking and intimidating Orr and his family; an 2011 assassination attempt in Arizona; hacking of Orr's families' home computer networks and phones without court order; economic loss for lost wages; and damages for PTSD. Plaintiff seeks monetary damages totaling $2,713,700.00. *Id*. at ¶ 5.

**B.** **Plaintiff's Complaint in *Orr v. US Air Force*, *et al.*, United States District Court, C.D. Cal., No. 2:15-cv-01800**

Prior to submitting his complaint for filing in this action, Plaintiff commenced an action against the same three Defendants asserting the identical claim and seeking essentially the same damages in the United States District Court, C.D. Cal. *(See Orr v. US Air Force, et al*. ("*Orr* I"), No. 2:15-cv-01800-MMM-MRW, Dkt. No. 1.) In his complaint in *Orr* I, Plaintiff alleged:

> 5. THE DOD INTELLIGENCE COMMUNITY (IC), KNOWINGLY WITH INTENT TO KILL, USED BRIAN SCOTT ORR AS THE UNCONSENTING TEST SUBJECT IN AN ILLEGAL TORTURE EXPERIMENT. WHEN ORR SURVIVED LONGER THAN EXPECTED, ARFL-RIGB BRANCH CHIEF MACIAG ORDERED ORR TO TAKE HIS OWN LIFE. MACIAG ALSO THREATENED ORR AND HAD CAPT BRIAN SESSLER TAKE RR INTO THE COTF TO DISTRACT ORR TO MANAGE AN ILLEGAL IMPLANT ON ORR'S IPHONE. OTHER PSY-OP PARTICIPANTS INCLUDED AIR FORCE INTEL OFFICER WILLIAM GREGORY AND COLONEL LAMAR PARKER. PHYSICAL TORTURE WAS APPLIED BY HIGH POWER RADAR AND NOT NECESSARILY CONFINED TO ROME, NY. MEDICAL DOCUMENTATION STATES ORR'S INJURIES WERE MICROWAVE RADIATION INDUCED AND IRREVERSIBLE. DAMAGE IS TO ORR'S BRAIN, NERVOUS SYSTEM, AND HE IS INFERTILE. ORR LEFT AFRL TO BE STALKED AND TORMENTED BY DOJ AGENTS. FAMILY MEMBERS WERE ALSO STALKED AND THEIR COMPUTERS HACKED ALL WITHOUT COURT ORDER. ORR'S ORDEAL WAS DOCUMENTED IN 2012 BY SENATORIAL INQUIRIES, AFOSI INVESTIGATIONS, POLICE REPORTS, AND, OF COURSE, HTTP://USGOVT-ATROCITIES.COM. EVIDENCE CAN BE FOUND AT HTTP://TINYURL.COM/SAVEBRIANSCOTT. ANOTHER WEBSITE THAT BRIAN SCOTT IS IN PRISON[2] AS RETALIATION FOR SPEAKING OUT: HTTP://HUMANCIVILRIGHTSFIRST.ORG.

*Id.* at ¶ 5.

In *Orr* I, Plaintiff sought money damages for medical bills; permanent brain and nervous system damage; government theft, property damage and vandalism; stalking Orr and his family; failed assassination attempts in Arizona and by repeated torture; hacking without court order; being forced to leave the Country after his term of imprisonment to escape persecution;

---

[2] In *Orr* I, the court took judicial notice that Plaintiff was convicted of theft and computer hacking charges related to his former employment at the Air Force base. (*Orr* I, Dkt. No. 3 at 2 n.1.); *see also United States v. Orr*, CR-13-872 (C.D. Cal.)

interference with employment; loss of federal assistance; and damages for PTSD. *Id*. at ¶ 6. Plaintiff sought monetary damages totaling $2,713,700.00. *Id*.

C.   **Res Judicata**

*Orr* I was dismissed on initial review pursuant to 28 U.S.C. § 1915(e)(2)(B) on the grounds that the action was frivolous and failed to state a claim upon which relief could be granted. (*Orr* I, Dkt. No. 3 at 1-2.) On March 18, 2015, the Hon. Michael R. Wilner, M.J., wrote that "Plaintiff's claims are too fanciful to warrant service on any of the named defendants" and recommended dismissal. *Id*. at 2. On March 19, 2015, the Hon. Margaret M. Morrow, U.S. District Judge, ordered that Plaintiff's IFP Application be denied and that the case be dismissed. *Id*. at 2.

"The doctrine of *res judicata*, or claim preclusion, holds that a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Monahan v. New York City Dep't of Corr*., 214 F.3d 275, 284-85 (2d Cir. 2000) (internal quotation marks and citation omitted). *Res judicata* precludes a party from asserting a claim in subsequent litigation if "(1) the previous action involved an adjudication on the merits; (2) the previous action involved plaintiffs or those in privity with them; [and] (3) the claims asserted in the subsequent action were, or could have been raised in the prior action. *Id.*

A district court may sua sponte raise the issue of *res judicata*. *See Rollock v. LaBarbera*, 383 F. App'x 29, 30 (2d Cir. 2010) (citing *Scherer v. Equitable Life Assurance Soc'y of U.S.*, 347 F.3d 394, 398 n.4 ("[A] court is free to raise [the] defense [of *res judicata*] *sua sponte*")). In *Denton v. Hernandez*, 504 U.S. 25, 34 (1992), the Supreme Court held that, while a dismissal

under § 1915(e) "does not prejudice the filing of a paid complaint making the same allegations," it "could, however, have a *res judicata* effect on frivolousness determinations for future *in forma pauperis* petitions." In *Cieszkowska v. Gray Line New York*, 295 F.3d 204, 205 (2d Cir. 2002), the Second Circuit agreed with the reasoning of various circuits that had found *res judicata* applicable to subsequent actions brought *in forma pauperis*. *See also McRae v. Norton*, No. 12-CV-1537 (KAM), 2012 WL 1268295, at * 3, 2012 U.S. Dist. LEXIS 52494, at * 8 (E.D.N.Y. April 13, 2012)[3] ( finding *res judicata* applied to plaintiff's *in forma pauperis* action asserting the same claims as his previous action which had been dismissed pursuant to § 1915(e)).

*Orr* I and the present action involve the same parties, and the facts alleged by Plaintiff and claims asserted in the two actions are virtually identical. Furthermore, Plaintiff seeks to bring this action *in forma pauperis*. Because *Orr I* was dismissed pursuant to § 1915(e)(2)(B) on the grounds that it was frivolous and failed to state a claim, the Court finds, based upon the *Denton* and *Cieszkowska* decisions, that this action is barred under the doctrine of *res judicata*.

"When an *in forma pauperis* action is *res judicata*, it fails to state a claim upon which relief may be granted and thus § 1915(e)(2)(B) compels its dismissal." *Lopez v. Jet Blue Airways*, No. 12-CV-0057 (JG), 2012 WL 213831, at * 1, 2012 U.S. Dist. LEXIS 8162, at * 2 (E.D.N.Y. Jan. 24, 2012). Therefore, the Court recommends that Plaintiff's complaint be dismissed with prejudice pursuant to § 1915(e)(2)(B)(ii).

**ACCORDINGLY**, it is hereby

**ORDERED** that Plaintiff's IFP Application (Dkt. No. 2) is **GRANTED**; and it is

---

[3] Copies of the unpublished decision will be provided to Plaintiff in accordance with *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

**RECOMMENDED** that Plaintiff's complaint (Dkt. No. 1) be **DISMISSED WITH PREJUDICE** upon initial review under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on the grounds that it is barred under the doctrine of *res judicata*; and it is further

**ORDERED**, that the Clerk send Plaintiff a copy of this Order and Report-Recommendation, along with copies of the unpublished decisions cited herein, in accordance with the Second Circuit decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

Dated: September 28, 2015
       Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge

2012 WL 213831
Only the Westlaw citation is currently available.
NOT FOR PUBLICATION
United States District Court,
E.D. New York.

Mary LOPEZ, Plaintiff,
v.
JET BLUE AIRWAYS, Defendant.

No. 12–CV–0057. | Jan. 24, 2012.

**Attorneys and Law Firms**

Mary Lopez, Brooklyn, NY, pro se.

*ORDER*

JOHN GLEESON, District Judge.

***1** Plaintiff Mary Lopez, appearing *pro se,* files this *in forma pauperis* action asserting that Jet Blue Airways ("JetBlue") violated her rights by failing to provide adequate wheelchair assistance when she flew from New York to Puerto Rico on July 3, 2009. For the reasons discussed below, the complaint is dismissed with prejudice.

### BACKGROUND

According to Lopez's complaint and attached exhibits, Lopez was scheduled to travel from New York, New York, to Aguadilla, Puerto Rico, on July 3, 2009 on a JetBlue flight. Compl. Ex. 1. While she was at the airport, JetBlue failed to timely provide her with a wheelchair, which caused Lopez physical and psychological injury. Compl. at 2. Reading her complaint broadly, Lopez asserts that JetBlue's actions violated her rights under the Air Carrier Access Act of 1986, 49 U.S.C. § 41705, and its regulations, 14 C.F.R. § 382 .95.

### DISCUSSION

Under 28 U.S.C. § 1915(e)(2)(B), a district court has an independent obligation to review a complaint filed *in forma pauperis* and must dismiss the complaint *sua sponte* if the court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."When an *in forma pauperis* action is *res judicata,* it fails to state a claim upon which relief may be granted and thus § 1915(e)(2)(B) compels its dismissal. *See Cieszkowska v. Gray Line New York,* 295 F.3d 204 (2d Cir.2002). Because I find that the instant action is barred by the doctrine of *res judicata,* I dismiss the complaint.

"Under the doctrine of *res judicata,* once a final judgment has been entered on the merits of a case, that judgment will bar any subsequent litigation by the same parties or those in privity with them concerning the transaction, or series of connected transactions, out of which the [first] action arose."*Cieszkowska,* 295 F.3d at 205 (quoting *Maharaj v. Bankamerica Corp.,* 128 F.3d 94, 97 (2d Cir.1997)) (internal quotation marks omitted) (alterations in original); *accord Waldman v. Village of Kiryas Joel,* 207 F.3d 105, 108 (2d Cir.2000). In other words, later actions will be *res judicata* and subject to dismissal if "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the [parties] or those in privity with them; [and] (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action."*Pike v. Freeman,* 266 F.3d 78, 91 (2d Cir.2001) (quoting *Monahan v. N.Y.C. Dep't of Corr.,* 214 F.3d 275, 284–85 (2d Cir.2000)) (internal quotation marks omitted) (alterations in original).

The same facts Lopez alleges in the complaint before me form the basis for a prior complaint she filed against the same defendant, JetBlue, on April 6, 2010 in this Court. *See Lopez v. Jet Blue Airways,* 10 Civ. 1552, Dkt. Entry 1. She thus could have, and did, raise her Air Carrier Access Act claims in that complaint, and I dismissed that action on the merits for failure to state a claim upon which relief may be granted. *See Lopez v. Jet Blue Airways,* No. 10 Civ. 1552, 2010 WL 3311428 (E.D.N.Y.2010), *aff'd,* 662 F.3d 593 (2d Cir.2011). The doctrine of *res judicata* thus squarely bars this action, and I dismiss the complaint pursuant to § 1915(e)(2)(B).

### CONCLUSION

***2** For the reasons provided herein, the complaint is dismissed with prejudice. Lopez is cautioned not to file additional duplicative actions.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the

purpose of an appeal. *Coppedge v. United States,* 369 U.S. 438, 444–45, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962).

So ordered.

**All Citations**

Not Reported in F.Supp.2d, 2012 WL 213831

---

**End of Document**  © 2015 Thomson Reuters. No claim to original U.S. Government Works.

2012 WL 1268295
Only the Westlaw citation is currently available.
United States District Court,
E.D. New York.

Troy McRAE, pro se Plaintiff,
v.
Joseph NORTON, David Doe,
and Andre Noble, Defendants.

No. 12–CV–1537(KAM). | April 13, 2012.

**Attorneys and Law Firms**

Troy McRae, Auburn, NY, pro se.

## *MEMORANDUM AND ORDER*

MATSUMOTO, District Judge.

**\*1** On March 22, 2012, plaintiff Troy McRae ("plaintiff") filed this *pro se* action against defendants Joseph Norton, David Doe, and Andre Noble ("defendants") bringing claims of conspiracy, mail fraud, and tax evasion and alleging that defendants violated his constitutional rights by inducing him to assist defendants in the filing of false tax returns. (*See* ECF No. 1, Complaint ("Compl.") ¶ 1.) Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted for the limited purpose of this Order. For the reasons set forth below, the *pro se* complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) (ii) for failure to state to claim upon which relief may be granted.

### *BACKGROUND*

Plaintiff, who refers to himself in the complaint as *"ex rel* plaintiff," has previously sued defendants in a *pro se* action filed in this court on June 2, 2011. (Compl.¶ 27.) In that prior action, plaintiff brought claims pursuant to 42 U.S.C. §§ 1981 and 1983 and the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961 *et seq.,* alleging that defendants violated his civil and constitutional rights by inducing him to assist them in the filing of false tax returns. *See McRae v. Norton,* No. 11–CV–2707 (KAM), 2011 U.S. Dist. LEXIS 89922, at \*1, 2011 WL 3625569 (E.D.N.Y. Aug. 11, 2011). On August 11, 2011, this court dismissed the prior action for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and because plaintiff's claims were time-barred.*Id.* at \*10.

In the action presently before the court, plaintiff makes the same allegations as his previous action, *see id.* at \*1–2, and indeed, several portions of the complaint in the prior action have been copied verbatim into the instant complaint. Specifically, plaintiff once again alleges that he was employed at defendant Norton's tax office from February to May of 1999 and February to May of 2000. (Compl.¶¶ 7–10.) In the course of his employment at defendant Norton's tax office, plaintiff alleges that he was directed by defendants to obtain the names, dates of birth, and social security numbers of individuals and to forge signatures of individuals on state and federal tax return forms. (*Id.* ¶¶ 10, 14.)Plaintiff further alleges that defendant Norton's company was involved in a scheme to file false tax returns with state and federal governments and to appropriate refunds totaling more than one million dollars using the information supplied by plaintiff and plaintiff's mailing address. (*Id.* ¶¶ 13, 14, 15, 18, 22.)Finally, plaintiff claims that he "had no other choice but to go along with what was requested" by defendants and alleges that defendants engaged in "acts of misleading employment services" by inducing him to assist them in the filing of false tax returns. (*Id.* ¶¶ 9, 18.)

For his claims of conspiracy, mail fraud, and tax evasion, plaintiff seeks a preliminary injunction to freeze defendants' bank accounts, compensatory damages totaling three times the loss suffered by the United States government as a result of defendants' tax fraud, and exemplary and/or punitive damages of $500,000. (*Id* . ¶¶ 23–26.)

### *STANDARD OF REVIEW*

**\*2** A complaint must plead "enough facts to state a claim to relief that is plausible on its face."*Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)."A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."*Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). In reviewing plaintiff's complaint, the court is mindful that "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."*Erickson v. Pardus,* 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d

1081 (2007) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)) (internal quotation marks omitted). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," the court must grant leave to amend the complaint. *See Cuoco v. Moritsugu,* 222 F.3d 99, 112 (2d Cir.2000) (citation omitted).

Pursuant to the *in forma pauperis* statute, the court must dismiss a complaint if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

### DISCUSSION

The court takes seriously any allegations of violations of an individual's constitutional rights, particularly where the litigant is proceeding *pro se* and may be unable artfully to describe the violations. *See McEachin v. McGuinnis,* 357 F.3d 197, 200–01 (2d Cir.2004). There are limits, however, to how often the court can be asked to review the same allegations against the same parties. That limitation is recognized under the doctrine of *res judicata.*

"The doctrine of *res judicata,* or claim preclusion, holds that 'a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.' " *Monahan v. New York City Dep't of Corr.,* 214 F.3d 275, 284–285 (2d Cir.2000) (quoting *Allen v. McCurry,* 449 U.S. 90, 94, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980)). Specifically, the doctrine of res judicata precludes a party from asserting a claim in subsequent litigation if "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the plaintiffs or those in privity with them; [and] (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Id.* (citations omitted). A District Court may sua sponte raise the issue of *res judicata, see Rollock v. LaBarbera,* 383 F. App'x 29, 30 (2d Cir.2010) (summary order), and the Second Circuit has held that that *"res judicata* applies to *pro se* plaintiffs whose claims in a second action are based on the same factual predicates presented in the first action." *Bey v. City of New York,* No. 10–4107–cv, 2011 U.S.App. LEXIS 25109, at *12, 2011 WL 6318033 (2d Cir.N.Y. Dec. 19, 2011) (summary order) (citing *Cieszkowska v. Gray Line New York,* 295 F.3d 204, 205–06 (2d Cir.2002) (per curiam)).

**\*3** Contrary to plaintiff's assertion that this action involves different allegations and charges than the prior action brought by plaintiff (*see* Compl. ¶ 27), this action is barred by the doctrine of *res judicata.*First, the dismissal of the previous *pro se* complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted can have a *res judicata* effect on a subsequent action brought *in forma pauperis* that is based on the same events as the previous action. *See Cieszkowska,* 295 F.3d at 205–06 (affirming the dismissal of an *in forma pauperis* complaint on *res judicata* grounds where the plaintiff's prior complaint arising out of the same events, albeit raising a different legal theory, had been dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)). Second, both the instant action and the previous action involve the same plaintiff. Third, the claims asserted in this action could have been raised in the prior action. *See Pike v. Freeman,* 266 F.3d 78, 91 (2d Cir.2001) ("Whether a claim that was not raised in the previous action could have been raised therein 'depends in part on whether the same transaction or connected series of transactions is at issue, and whether the same evidence is needed to support both claims.' " (citation omitted)). Indeed, plaintiff's claims in this action are based on the same factual predicates as his claims in the previous action as both actions involve the same defendants, the same periods of employment by defendant Norton's tax company, the same tax fraud scheme allegedly perpetrated by defendants, and the same allegations regarding defendants' conduct with respect to plaintiff's employment.

The only difference between the two actions is that the previous action brings claims pursuant to 42 U.S.C. §§ 1981 and 1983 and RICO, 18 U.S.C. §§ 1961 *et seq.,* and the present action brings claims for conspiracy and mail fraud pursuant to the Unites States Criminal Code, 18 U.S.C. §§ 371 and 1341, respectively, and for tax evasion pursuant to the Internal Revenue Code, 26 U.S.C. § 7201. (*See* Compl. ¶ 1). As the Second Circuit has held, however, "[e]ven claims based upon different legal theories are barred [by *res judicata* ] provided they arise from the same transaction or occurrence."*Cieszkowska,* 295 F.3d at 205 (citation omitted).

Accordingly, because plaintiff's prior action in this court, which was dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), involved the same parties and the same factual predicates for plaintiff's claims as the present action, plaintiff could have raised his current claims in the prior action and this action brought *in forma pauperis* is thus barred by the doctrine of

*res judicata* and dismissed. *See Lopez v. Jet Blue Airways,* No. 12–CV–0057, 2012 U.S. Dist. LEXIS 8162, at *2, 2012 WL 213831 (E.D.N.Y. Jan.24, 2012) ("When an *in forma pauperis* action is res judicata, it fails to state a claim upon which relief may be granted and thus § 1915(e)(2)(B) compels its dismissal."(citing *Cieszkowska,* 295 F.3d at 205)).

**\*4** Alternatively, plaintiff's claims for conspiracy and mail fraud pursuant to 18 U.S.C. §§ 371 and 1341, respectively, must be dismissed for failure to state a claim upon which relief may be granted because those criminal statutes do not create private rights of action upon which plaintiff may recover. *See Kashelkar v. Bluestone,* 306 F. App'x 690, 692 (2d Cir.2009) (summary order) ("18 U.S.C. § 1341 does not create a private right of action" (citing *Official Publ'ns, Inc. v. Kable News Co.,* 884 F.2d 664, 667 (2d Cir.1989))); *D'Amato v. Rattoballi,* 83 F. App'x 359, 360 (2d Cir.2003) (summary order) (affirming district court's holding that plaintiff cannot recover damages under 18 U.S.C. §§ 371 or 1622"because these criminal statutes, standing alone, do not provide for civil remedies"); *Hom v. Brennan,* 304 F.Supp.2d 374, 382 (E.D.N.Y.2004) (finding that 18 U.S.C. § 371 does not create a private right of action).

Additionally, to the extent plaintiff seeks to recover tax refunds fraudulently obtained by defendants from the government pursuant to 26 U.S.C. §§ 7201 *et. seq.* of the Internal Revenue Code (Compl.¶¶ 1, 22, 25), this claim must also be dismissed for failure to state a claim upon which relief may be granted because there is no private right of action to recover taxes on behalf of the government. *See* 26 U.S.C. § 7401 ("No civil action for the collection or recovery of taxes, or of any fine, penalty, or forfeiture, shall be commenced unless the Secretary authorizes or sanctions the proceedings and the Attorney General or his delegate directs that the action be commenced."); *United States ex rel. Lissack v. Sakura Global Capital Mkts., Inc.,* 377 F.3d 145, 153, 157 (2d Cir.2004) (stating that "[t]he conclusion that the IRS has exclusive jurisdiction over tax matters stems in part from § 7401 of the Tax Code" and holding that plaintiff cannot assert a claim under the False Claims Act where the claim asserted "depends entirely upon establishing a violation of the Tax Code and the IRS has authority to recover the exact amounts [plaintiff] seeks to recover"); *United States ex rel. U.S.-Namibia (Southwest Africa) Trade & Cultural Council, Inc. v. Africa Fund,* 588 F.Supp. 1350, 1351 (S.D.N.Y.1984) ("The *qui tam* statute does not authorize a private party to override section 7401 to recover penalties or damages allegedly sustained by the government by virtue of false income tax statements."); *see also Seabury v. City of New York,* No. 06–CV–1477 (NGG), 2006 U.S. Dist. LEXIS 32083, at *17, 2006 WL 1367396 (E.D.N.Y. May 18, 2006) ("Federal courts have consistently refused to imply a private cause of action under the tax laws....")

## *CONCLUSION*

For the reasons set forth above, the court dismisses the *pro se* complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States,* 369 U.S. 438, 444–45, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962). The Clerk of the Court is respectfully requested to enter judgment, close this case, and serve a copy of this Memorandum and Order on the *pro se* plaintiff and note service on the docket.

**\*5** SO ORDERED.

**All Citations**

Not Reported in F.Supp.2d, 2012 WL 1268295

End of Document © 2015 Thomson Reuters. No claim to original U.S. Government Works.