UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

BRIAN SCOTT ORR,

                    Plaintiff,

v.                                    6:15-CV-1132
                                        (GTS/TWD)

UNITED STATES AIR FORCE, Air Force Research
Laboratory; UNITED STATES DEPARTMENT OF
JUSTICE, FBI National Security Division; and
CHESTER JOHN MACIAG, Air Force Special
Projects Chief,

                    Defendants.
_____

APPEARANCES:

BRIAN SCOTT ORR, 25959039
  Plaintiff, *Pro Se*
LOMPOC F.C.I.
Inmate Mail/Parcels
3600 Guard Road
Lompoc, California 93436-2705

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

Currently before the Court, in this civil rights action filed *pro se* by Brian Scott Orr ("Plaintiff") against the above-captioned entities and individual ("Defendants"), are (1) United States Magistrate Judge Thérèse Wiley Dancks' Report-Recommendation recommending that this action be *sua sponte* dismissed, with prejudice, for failure to state a claim upon which relief can be granted on the grounds that it is barred under the doctrine of *res judicata*, and (2) Plaintiff's one-page Objection to the Report-Recommendation. (Dkt. Nos. 4, 5.)

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c).[1] When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1).

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition; *see also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999). Similarly, when *no* objection is made to a portion of a report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the

---

[1] *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

record in order to accept the recommendation." *Id.*[2]

After conducing the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

Here, liberally construed, Plaintiff's Objection asserts only three specific challenges to Magistrate Judge Dancks' Report-Recommendation: (1) that Plaintiff's claim in the current action is not identical to his claim in the prior action; (2) that the dismissal of his first claim was not based on the merits of his claim; and (3) that the dismissal of his first claim (based on the ground of frivolousness) was not permissible, and the dismissal of his current claim (based on the doctrine of res judicata) is not permissible, because both claims are supported by medical evidence. (Dkt. No. 5.)

After carefully reviewing the relevant filings in this action, the Court can find no error in the challenged portions of the Report-Recommendation, nor any clear error in the remaining portions of the Report-Recommendation: Magistrate Judge Dancks employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. As a result, the Court accepts and adopts the Report-Recommendation for the reasons stated therein. (Dkt. No. 4.) To those reasons, the Court would add only that it has carefully reviewed Plaintiff's Complaint in the first action and his Complaint in this action, and finds them to be virtually identical. Moreover, the Court finds that the dismissal of Plaintiff's first action was indeed on the merits.

---

[2] *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Dancks' Report-Recommendation (Dkt. No. 4) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**.

Dated: October 30, 2015
      Syracuse, New York

_____
Hon. Glenn T. Suddaby
Chief, United States District Judge